CORTEC INDUSTRIES, INC., and Cortec Holdings, Inc., Plaintiffs,

v.

SUM HOLDING L.P., Dubin Clark & Company, Inc., Dubin Clark Capital Corp., Ronald N. Dubin, J. Thomas Clark, Jean–Pierre Dammann, Norman J. Yerke, Michael Canipe, Bowles Hollowell Conner & Co., and Ernst & Young, Defendants,

v.

LEACH McMICKING & CO. LIMITED PARTNERSHIP, Leach McMicking & Co., Howard Leach, Lawrence Chamberlain, Martha Fray and Henry McMicking, Additional Counterclaim Defendants.

No. 90 Civ. 0165 (CSH).

United States District Court, S.D. New York.

July 7, 1994.

Sonnenshein Nath & Rosenthal, New York City (Michael H. Barr, Gregory S. Karawan, of counsel), for plaintiffs and additional counterclaim defendants.

Bingham Dana & Gould, Boston, MA (Daniel L. Goldberg, Victor H. Polk, Jr., Jeffrey Marlin, of counsel), for defendants Ronald Dubin, J. Thomas Clark, Jean–Pierre Dammann, Sum Holding, L.P., Dubin Clark & Co., Inc., Dubin Clark Capital Corp., Norman J. Yerke and Michael Canipe.

Robinson, Bradshaw & Hinson, P.A., Charlotte, NC (Mark W. Merritt, Richard B. Whisnant, of counsel), Richards Spears Kibbe & Orbe, New York City (Lee S. Richards, of counsel), for defendant Bowles Hollowell Conner & Co.

Alan A. Harley, Asst. Gen. Counsel, New York City (John Matson, Bruce M. Cormier, Melanie T. Morris, of counsel), for defendant Ernst & Young.

### MEMORANDUM AND ORDER

HAIGHT, District Judge:

Two recent Supreme Court decisions impact upon certain issues in the case at bar. Those decisions, *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* ––– U.S. –––, 114 S.Ct. 1439, 128

L.Ed.2d 119 (1994), and *McDermott, Inc. v. AmClyde,* —— U.S. ——, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994), have generated a spate of correspondence from counsel. This memorandum deals with a number of pending questions.

■ 1. *Central Bank of Denver* holds that a private plaintiff may no longer maintain an aiding and abetting suit under § 10(b) of the Securities Exchange Act of 1934. Accordingly the second cause of action pleaded in the first amended complaint against all defendants, settling and non-settling, will be dismissed with prejudice.

■ 2. Prior to the Supreme Court's decision in *Central Bank of Denver,* Ernst & Young had filed a motion for reconsideration and reargument of this Court's opinion dated December 10, 1993. 839 F.Supp. 1021. Ernst & Young focused on one sentence of that opinion. Discussing plaintiffs' claim against Ernst & Young as an aider and abettor, I said at 839 F.Supp. at 1025: "The Second Circuit left open in *Sirota* whether recklessness is sufficient for secondary liability in the absence of [a fiduciary] relationship. I need not address that question in the case at bar *because Ernst & Young's undertaking to furnish a comfort letter to plaintiffs created a fiduciary relationship between those parties.*" Ernst & Young contends in its motion that the italicized statement is wrong in law and should be deleted. Plaintiffs contend it is correct. The parties have submitted compendious briefs. District court decisions in this circuit and elsewhere point in both directions. There is no Second Circuit decision squarely in point. Plaintiffs also say that, whatever the effect of *Central Bank of Denver* may be on aiding and abetting, I should not delete a more general statement relating to the fiduciary relationships entered into by accountants.

The order I make is to declare the paragraph in which the sentence in question appears withdrawn by the Court. I do not decide whether or not an accountant's relationship with its client or third parties can ever be characterized as fiduciary. I do not even decide whether or not Ernst & Young's relationship with plaintiffs at bar should be so characterized. It would be a waste of judicial resources to do so. That is because the statement in question had meaning only within the context of plaintiffs' claim against Ernst & Young as aider and abettor; and the Supreme Court put an end to that theory of liability in *Central Bank of Denver.* My statement in the December 10, 1993 opinion concerning fiduciary relationship has no more practical significance than the still visible masthead navigation lights of a ship that has sunk in shallow water and is going nowhere. In these circumstances, Ernst & Young's motion for reconsideration and reargument will be denied as moot.

3. *McDermott* presents the question of whether the Court's insistence upon the proportionate share approach, as opposed to the *pro tanto* rule, is confined to maritime cases or applies generally. If the latter interpretation is correct, this Court's prior opinion adopting the *pro tanto* rule for the case at bar cannot stand.

The question must be briefed. I declare a moratorium on all procedures looking toward a fair hearing until the question has been resolved. If *McDermott* requires the proportionate share approach in the instant case, there will be no fairness hearing; all issues will be adjudicated in a plenary trial. *Id.,* —— U.S. at ——, 114 S.Ct. at 1469 ("Under the *pro tanto* approach, the settling defendant's share of responsibility will have to be determined at a separate, pretrial hearing. Under the proportionate share approach, the allocation will take place at trial.") Several other issues inherent in the *pro tanto* rule, such as the appropriate boundaries of a bar order, are also subsumed by or impacted upon by the *McDermott* question.

Accordingly that question will be further briefed and decided before anything else happens in the case. If Ernst & Young is content to rely on its letter dated May 12, 1994 as a main brief, plaintiffs are directed to file and serve an answering brief not later than July 20, 1994. Ernst & Young may file and serve a reply brief, if so advised, not later than July 27. But I do not require Ernst & Young to be satisfied with its letter as a main brief; and if it is not, that main brief must be filed and served not later than

July 20; answering papers not later than August 3; and reply papers not later than August 10.

Given the season of the year, I will not resist any reasonable extensions of this schedule counsel may agree upon. In the spirit of full disclosure, I should advise counsel that my own vacation plans will in all likelihood preclude a decision before September.

The Clerk of the Court is directed to dismiss the second cause of action in the first amended complaint as against all defendants with prejudice. Ernst & Young's motion for reconsideration and reargument of this Court's December 10, 1993 opinion is denied as moot. Counsel are directed to proceed in accordance with this memorandum.

SO ORDERED.